IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

VINCENT FRAZIER, Individually and
on behalf of all others,

    Plaintiff,

v.

ALLIED STAFFING LLC,

    Defendant.

Case No. 2:13-cv-4237

## ANSWER TO COMPLAINT

Defendant Allied Staffing LLC, by undersigned counsel, provides this Answer to the Complaint. Unless otherwise expressly admitted herein, all allegations of the Complaint are denied.

### Preliminary Statement

1. In response to ¶ 1, Defendant denies the allegations.

2. In response to ¶ 2, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

3. In response to ¶ 3, Defendant admits that it is generally aware of the disclosure and authorization requirements under the FCRA, but denies that the report it obtained with regard to Plaintiff is a "Consumer Report" under that Act.

4. In response to ¶ 4, Defendant denies the allegations.

5. In response to ¶ 5, Defendant admits that Plaintiff's Exhibit 1 was among the documents provided to Plaintiff by Defendant.

6. In response to ¶ 6, Defendant denies the allegations.

7. In response to ¶ 7, Defendant denies the allegations.

8. In response to ¶ 8, Defendant denies the allegations.

9. In response to ¶ 9, Defendant admits that Plaintiff's Exhibit 1 contains a sentence which purports to "release and discharge" certain claims, but denies that this clause is a general release or that the release provision violates the FCRA.

10. In response to ¶ 10, Defendant denies the allegations.

11. In response to ¶ 11, Defendant admits the allegations.

12. In response to ¶ 12, Defendant admits the allegations.

13. In response to ¶ 13, Defendant admits the allegations.

14. In response to ¶ 14, Defendant admits the allegations.

15. In response to ¶ 15, Defendant denies the allegations.

16. In response to ¶ 16, Defendant denies the allegations.

17. In response to ¶ 17, Defendant denies the allegations.

18. In response to ¶ 18, Defendant denies the allegations.

19. In response to ¶ 19, Defendant denies the allegations.

20. In response to ¶ 20, Defendant denies the allegations.

21. In response to ¶ 21, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

22. In response to ¶ 22, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

23. In response to ¶ 23, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

24. In response to ¶ 24, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

25. In response to ¶ 25, Defendant admits that Plaintiff applied for employment on July 21, 2010, and on September 13, 2013, but is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 25, and accordingly said allegations are denied.

26. In response to ¶ 26, Defendant admits the allegations.

27. In response to ¶ 27, Defendant admits that Plaintiff was temporarily assigned to the Roberts Dairy plant located at 3805 Emanuel Cleaver II Boulevard, Kansas City, Missouri, but Defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 27, and therefore denies said allegations.

28. In response to ¶ 28, Defendant admits that Plaintiff was temporarily assigned to the Roberts Dairy plant for some portion of one day, but Defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 28, and therefore denies said allegations.

29. In response to ¶ 29, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

30. In response to ¶ 30, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

31. In response to ¶ 31, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

32. In response to ¶ 32, Defendant denies the allegations.

33. In response to ¶ 33, Defendant denies the allegations.

34. In response to ¶ 34, Defendant denies the allegations.

35. In response to ¶ 35, Defendant denies the allegations.

**Parties**

36. In response to ¶ 36, Defendant admits that Plaintiff was employed by Defendant, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 36, and therefore denies said allegations.

37. In response to ¶ 37, Defendant admits the allegations.

38. In response to ¶ 38, Defendant admits the allegations.

## Jurisdiction and Venue

39. In response to ¶ 39, Defendant denies the allegations.

40. In response to ¶ 40, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied. However, Defendant admits that venue would be proper in the U.S. District Court for the Western District of Missouri, Western Division, in that the events described in Plaintiff's Complaint are alleged to have occurred in that Division.

## Factual Allegations

41. In response to ¶ 41, Defendant hereby incorporates its previous answers to ¶¶ 1 through 40 as if fully set forth herein.

42. In response to ¶ 42, Defendant admits the allegations.

43. In response to ¶ 43, Defendant admits that Plaintiff completed Defendant's employment application materials which included a document titled "Terms of Employment," but denies the remaining allegations.

44. In response to ¶ 44, Defendant admits the allegations.

45. In response to ¶ 45, Defendant admits that Plaintiff was temporarily assigned to the Roberts Dairy plant in August 2013, but otherwise denies the allegations of ¶ 45.

46. In response to ¶ 46, Defendant admits that it is generally aware of the FCRA.

47. In response to ¶ 47, Defendant admits the allegations, but denies that it has engaged in any violation of the FCRA.

48. In response to ¶ 48, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

49. In response to ¶ 49, Defendant denies the allegations.

50. In response to ¶ 50, Defendant admits the allegations, but denies that the information it obtained with regard to Plaintiff qualifies as a "Consumer Report" under the FCRA. Defendant further denies that it failed to obtain the proper authorizations from Plaintiff or that it otherwise failed to comply with the FCRA in any other respect.

51. In response to ¶ 51, Defendant denies the allegations.

52. In response to ¶ 52, Defendant denies the allegations.

53. In response to ¶ 53, Defendant admits the allegations, but denies that the information sought and obtained regarding Plaintiff qualifies as a "Consumer Report" under the FCRA.

54. In response to ¶ 54, Defendant admits that Plaintiff was temporarily assigned to the Roberts Dairy location for a portion of one day, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶ 54, and therefore denies said allegations.

55. In response to ¶ 55, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

56. In response to ¶ 56, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

57. In response to ¶ 57, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

58. In response to ¶ 58, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

59. In response to ¶ 59, Defendant notes that to the extent ¶ 59 is a legal conclusion, no response is required, and Defendant denies any remaining allegations.

60. In response to ¶ 60, Defendant notes that to the extent ¶ 60 is a legal conclusion, no response is required, and Defendant denies any remaining allegations.

61. In response to ¶ 61, Defendant notes that to the extent ¶ 61 is a legal conclusion, no response is required, and Defendant denies any remaining allegations.

62. In response to ¶ 63, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

63. In response to ¶ 64, Defendant denies the allegations.

64. In response to ¶ 64, Defendant denies the allegations.

65. In response to ¶ 65, Defendant denies the allegations.

**Class Action Allegations**

66. In response to ¶ 66, Defendant incorporates its previous answers to ¶¶ 1 through 65 as if fully set forth herein.

67. In response to ¶ 67, Defendant denies the allegations.

68. In response to ¶ 68, Defendant denies the allegations.

**Numerosity**

69. In response to ¶ 69, Defendant denies the allegations.

## Common Questions of Law and Fact

70. In response to ¶ 70, and subparts a. through i., Defendant denies the allegations.

## Typicality

71. In response to ¶ 71, Defendant denies the allegations.

## Adequacy of Representation

72. In response to ¶ 72, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

## Superiority

73. In response to ¶ 73, Defendant denies the allegations.

74. In response to ¶ 74, Defendant denies the allegations.

75. In response to ¶ 75, Defendant denies the allegations.

76. In response to ¶ 76, Defendant denies the allegations.

77. In response to ¶ 77, Defendant denies the allegations.

78. In response to ¶ 78, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

**Count I
Alleged Failure to Make Proper Disclosure in Violation of FCRA
15 U.S.C. § 1681b(b)(2)(A)(ii)**

79. In response to ¶ 78, Defendant incorporates its previous answers to ¶¶ 1 through 78 as if fully set forth herein.

80. In response to ¶ 80, Defendant denies the allegations.

81. In response to ¶ 81, Defendant notes that to the extent ¶ 81 is a legal conclusion, no response is required, and Defendant denies any remaining allegations.

82. In response to ¶ 82, Defendant denies the allegations.

83. In response to ¶ 83, and subparts a. through d., Defendant denies the allegations.

84. In response to ¶ 84, Defendant denies the allegations.

85. In response to ¶ 85, Defendant denies the allegations.

86. In response to ¶ 86, Defendant denies the allegations.

## Count II
### Alleged Failure to Obtain Proper Authorization in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(ii)

87. In response to ¶ 87, Defendant incorporates its previous answers to ¶¶ 1 through 86 as if fully set forth herein.

88. In response to ¶ 88, Defendant denies the allegations.

89. In response to ¶ 89, Defendant denies the allegations.

90. In response to ¶ 90, Defendant denies the allegations.

91. In response to ¶ 91, Defendant denies the allegations.

92. In response to ¶ 92, Defendant denies the allegations.

## Count III
### Alleged Failure to Provide Copy of Consumer Report and/or Written Description of Consumer Rights in Violation of FCRA

93. In response to ¶ 93, Defendant incorporates its previous answers to ¶¶ 1 through 92 as if fully set forth herein.

94. In response to ¶ 94, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

95. In response to ¶ 95, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, accordingly, they are denied.

96. In response to ¶ 96, Defendant denies the allegations.

97. In response to ¶ 97, Defendant denies the allegations.

98. In response to ¶ 98, Defendant denies the allegations.

99. In response to ¶ 99, Defendant denies the allegations.

100. In response to ¶ 100, Defendant denies the allegations.

101. In response to ¶ 101, Defendant denies the allegations.

Wherefore, Defendant Allied Staffing LLC prays that the Court enter judgment in its favor and against Plaintiff, for its costs incurred in the action, and for such other relief to which Defendant Allied Staffing LLC shows itself entitled and which the Court deems reasonable, appropriate, and just.

**Affirmative Defenses**

102. The background report received by Defendant is not a "consumer report" under 15 U.S.C. § 1681a(y), in that the report was provided exclusively to Defendant and was not obtained for investigating Plaintiff's "credit worthiness, credit standing, or credit capacity," but

13
Case 2:13-cv-04237-NKL   Document 2   Filed 11/13/13   Page 13 of 19

was instead obtained in connection with an investigation of compliance with applicable laws and regulations and pre-existing written policies of Defendant.

103. Plaintiff is not entitled to punitive damages or statutory damages as any noncompliance by Defendant with regard to the FCRA was not willful.

104. Plaintiff fails to state a claim upon which relief can be granted, in part, because Plaintiff has failed to allege that he sustained any actual damages.

105. In the event that and to the extent this Court concludes that Plaintiff's Complaint (or any subsequent Amended Complaint) was filed in bad faith or for purposes of harassment, Defendant is entitled to an award of its reasonable attorney's fees in the defense of this matter, pursuant to 15 U.S.C. §§ 1681n(c) and/or 1681o(b).

106. The statutory damages that Plaintiffs seek would be disproportionate to the harm alleged or suffered by them and would be unconstitutionally excessive and/or an excessive fine.

107. 15 U.S.C. § 1681b is unconstitutionally vague.

108. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands, in that Plaintiff misrepresented to Defendant that he had no prior criminal convictions.

109. Plaintiff's claims are barred in whole or in part because the Plaintiff has failed to mitigate his damages.

110. The claims of certain members of the putative classes are barred, as they have waived their rights to bring or participate in a class action and/or have agreed to submit claims against the Defendant to binding arbitration.

111. The claims of certain members of the putative classes may be barred in whole or in part by the doctrines of *res judicata* or collateral estoppel or the failure to assert such claims as compulsory counterclaims in prior litigation.

112. The claims of certain members of the putative classes may be barred in whole or in part by the doctrines of *res judicata* or collateral estoppel due to the failure to schedule such claims in prior proceedings under Title 11 of the United States Code.

113. Class action is inappropriate in this matter pursuant to Federal Rule of Civil Procedure 23, for one or more of the following reasons:

    (a) Individual issues of fact and/or law predominate over the questions or law or fact common to the class;

    (b) It is not impractical for the individual class members to bring their claims individually, especially given the availability of statutory penalties and/or attorney's fees;

(c) The individual members of the putative class have an interest in individually controlling their claims;

(d) Class treatment is not superior to other available methods for the fair and efficient adjudication of the controversy;

(e) Significant difficulties will be encountered in managing this case as a class action; and/or

(f) The case is otherwise unsuitable for class treatment.

114. Plaintiff cannot appropriately serve as a class representative to represent the putative class in this matter to the extent that the claims of Plaintiffs are not typical to the claims of the class or to the extent that Plaintiff will not fairly and adequately represent the putative class.

115. To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendant, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

116. Plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden

of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

c.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

d.  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

e.  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

117. Inasmuch as the Petition does not describe the alleged underlying claims with sufficient particularity to enable Defendant to determine all of its legal, contractual and equitable rights, Defendant reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## Jury Trial Demand

Defendant demands a trial by jury.

Respectfully submitted,

**Case & Roberts P.C.**

s/ Kevin D. Case
Kevin D. Case, MO 41491; KS 14570
Patric S. Linden, MO 49551; KS 18305
Courtney E. Holt, MO 63887; KS 25668
2600 Grand Boulevard, Suite 300
Kansas City, MO 64108
Tel: (816) 979-1500
Fax: (816) 979-1501
kevin.case@caseroberts.com
patric.linden@caseroberts.com
courtney.holt@caseroberts.com
Attorneys for Defendant

## Certificate of Service

  I hereby certify that on November 13, 2013, a true and correct copy of the above and foregoing was served by depositing one copy in the U.S. mail, first class postage prepaid, addressed to:

Charles Jason Brown
Jayson A. Watkins
Brown & Associates LLC
301 S. US 169 Hwy
Gower, MO  64454
Attorneys for Plaintiff

                s/ Kevin D. Case
                Kevin D. Case